```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION


_____

UNITED STATES OF AMERICA,

          Plaintiff,

     v.                                    File No. 1:10-CR-333

EMILTO MORENO-GOMEZ,

          Defendant.
_____/


                    Change of Plea Hearing

Before

               THE HONORABLE JOSEPH G. SCOVILLE
                 United States Magistrate Judge
                      January 26, 2011



                         APPEARANCES


JOHN F. SALAN                    RICHARD G. KESSLER
Assistant U.S. Attorney          280 Valley Ave., SW
P.O. Box 208                     Grand Rapids, MI 49504
Grand Rapids, MI 49501           Attorney for Defendant
Attorney for Plaintiff




Digital audio recording transcribed by:

Kevin W. Gaugier, CSR-3065
U.S. District Court Reporter
```

```
 1                                    Grand Rapids, Michigan

 2                                    January 26, 2011

 3                                    9:16 a.m.

 4                          -     -     -

 5

 6               P R O C E E D I N G S

 7

 8           THE COURT:  Good morning.

 9           MR. SALAN:  Good morning, Your Honor.

10           MR. KESSLER:  Good morning, Your Honor.

11           THE COURT:  Case number 1:10-CR-333, United States

12   v. Emilto Moreno-Gomez.  Defendant appears in court with

13   counsel, Mr. Kessler; Mr. Salan on behalf of the government.

14           What is the proposal here, gentlemen?

15           MR. SALAN:  The defendant's going to be pleading to

16   Count 2 of the indictment, Your Honor.  We'll dismiss Count 1

17   at time of sentencing.  That's the only agreement.

18           THE COURT:  That's the only agreement?

19           MR. KESSLER:  That is my understanding of the full

20   and complete agreement, Your Honor.

21           THE COURT:  Thank you.  Your client does not need an

22   interpreter?

23           MR. KESSLER:  That's correct, Your Honor.

24           THE COURT:  Well, then, if you and he would step up

25   to the lectern, then, please.
```

1              MR. KESSLER:  Thank you, Your Honor.  Come on up

2    here.

3              THE COURT:  Mr. Moreno-Gomez, as you know, you are

4    in federal court because the government is bringing two

5    criminal charges against you.  Those charges are set forth in

6    a document called the indictment.  Have you read that?

7              DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

8              THE COURT:  And spoken to counsel about it?

9              DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

10             THE COURT:  All right.  Now, the attorneys tell me

11   that you have decided to plead guilty to Count -- I'm sorry,

12   what did --

13             MR. KESSLER:  Two, Your Honor.

14             THE COURT:  Count 2 in exchange for the government's

15   agreement to dismiss Count 1.  Is that correct?

16             DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

17             THE COURT:  And you wish to plead guilty to Count

18   2?

19             DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

20             THE COURT:  You should understand that no one can be

21   forced to plead guilty to any criminal charge.  You have the

22   right to a trial by jury on both of these charges if that's

23   what you want.  By the same token, if you wish to plead

24   guilty, that's your right as well as long as you understand

25   what you're doing and you're acting of your own free will.  Do

1    you understand that?

2              DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

3              THE COURT:  And to make sure of that, I'm going to

4    have to ask you some questions.  The Clerk will you now give

5    you an oath to respond truthfully.

6    (Defendant Moreno-Gomez was affirmed by the Clerk.)

7              THE COURT:  Now, your attorney says that you don't

8    need the help of an interpreter today.  Is that correct?

9              DEFENDANT MORENO-GOMEZ:  Correct, Your Honor.

10             THE COURT:  All right.  If I say something to you

11   that you don't understand, just put up your hand and we'll go

12   back over it, all right?

13             Now, we're going to focus on Count 2.  Count 2

14   alleges that on or about October 29th of 2009 in Oceana County

15   that you, with the intent to deceive, falsely represented a

16   number to be the Social Security account number assigned to

17   you by the Commissioner of Social Security when in fact it was

18   not your Social Security number.

19             DEFENDANT MORENO-GOMEZ:  Correct, Your Honor.

20             THE COURT:  Do you understand the nature of that

21   charge?

22             DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

23             THE COURT:  If you are convicted of this offense,

24   you face up to five years in prison; up to three years

25   thereafter of supervised release, which is like parole; a

1    maximum fine of $250,000; and a $100 special assessment.  Do

2    you understand those penalties?

3              DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

4              THE COURT:  Is the defendant also subject to

5    removal?

6              MR. SALAN:  He would be, Your Honor.

7              THE COURT:  All right.

8              MR. KESSLER:  He's currently in Immigration

9    proceedings at this point, Your Honor.

10             THE COURT:  Yes, all right.  In addition, if you're

11   found guilty of this charge, your conviction will give the

12   government grounds, perhaps more grounds than they have now,

13   to seek your removal from this country, your deportation.  Do

14   you understand that as well?

15             DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

16             THE COURT:  All right.  Now, before we go any

17   further, you should understand that this case has been

18   assigned to Judge Janet Neff, who's a federal district judge

19   appointed by the president, and you have the absolute right to

20   have your guilty plea proceeding take place before Judge

21   Neff.  As a magistrate judge of this court I also have the

22   authority to take your plea if you consent to that procedure.

23   If you do consent, then I would ask you the questions required

24   by law, and if I find that you're acting of your own free will

25   and you know what you're doing, I would recommend to Judge

1    Neff that she accept the plea.  It's going to remain up to

2    her, however, to accept or reject the plea and to impose

3    sentence.

4              So as I said, you have the absolute right to tell me

5    you'd rather have Judge Neff do this or you can agree to have

6    me do it.  That's up to you.  Do you understand that?

7              DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

8              THE COURT:  And Mr. Kessler, have you also explained

9    this to your client?

10             MR. KESSLER:  I have, Your Honor.  We went over it.

11             THE COURT:  And does he wish to proceed before Judge

12   Neff or before me?

13             MR. KESSLER:  Before yourself, Your Honor.

14             THE COURT:  Is that correct, Mr. Moreno-Gomez?

15             DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

16             THE COURT:  And do you make that decision of your

17   own free will?

18             DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

19             THE COURT:  And did you sign the consent form?

20             DEFENDANT MORENO-GOMEZ:  I did, Your Honor.

21             THE COURT:  And you're able to read and write

22   English as well?

23             DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

24             THE COURT:  I find the defendant has knowingly and

25   voluntarily consented and we'll proceed.

1          I want to go back for just a moment to the charge to

2    make a hundred percent sure that you understand the nature of

3    this charge.  It's really pretty simple.  It is a crime in

4    this country to tell somebody that a Social Security number is

5    yours, that is, the number that was given to you by the Social

6    Security Administration, when in fact it is not if you intend

7    to deceive them.

8          So in order to convict you of this offense, the

9    government would have to prove, first of all, that you

10   represented a Social Security number to be yours; second, that

11   it wasn't yours; and third, very importantly, that you did so

12   with the intent to deceive.  You wanted to fool somebody.  You

13   wanted to mislead somebody into thinking that it was your

14   Social Security number.  Those are called the elements of the

15   offense, and the government would have the burden of proving

16   each of those things beyond a reasonable doubt.  Do you

17   understand that?

18               DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

19               THE COURT:  But by pleading guilty you relieve the

20   government of the burden of proof that it would otherwise

21   have.  Do you understand that as well?

22               DEFENDANT MORENO-GOMEZ:  Yes.

23               THE COURT:  Now, whenever anyone is pleading guilty,

24   he must keep in mind the penalties that he exposes himself to

25   by pleading guilty.  First of all there's prison.  You could

1    go to prison for up to five years.  I don't know what your

2    sentence will be.  Judge Neff will decide that.  But it could

3    be any term up to five years.  Do you understand that, first

4    of all?

5                 DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

6                 THE COURT:  Second, the Court could place you on up

7    to three years thereafter of supervised release.  This is like

8    parole.  It begins when you're released from prison.  During

9    the term of supervision the defendant is required to live by

10   whatever rules the Court has established.  If the Court finds

11   that you have violated any of the conditions of supervision,

12   the Court can revoke your supervision and put you back in

13   prison for up to three more years.  Understand how that can

14   work?

15                DEFENDANT MORENO-GOMEZ  Yes, Your Honor.

16                THE COURT:  Now, the Court can impose a fine

17   anywhere from zero dollars to $250,000.  The Court must impose

18   a $100 special assessment, and as I mentioned before, whenever

19   someone who is not a legal resident of this country is

20   convicted of a felony offense, it makes removal much more

21   likely, deportation much more likely.  Do you understand that

22   as well?

23                DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

24                THE COURT:  All right.  We should next talk about

25   the rights you have and the rights you give up by pleading

1    guilty.   First of all, you have the right to the assistance of

2    counsel at every stage of the case against you.   If you could

3    not afford to hire counsel, the Court would appoint a lawyer

4    for you.

5               Now, you've retained Mr. Kessler to be your lawyer

6    in this case, correct?

7               DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

8               THE COURT:  You should understand that if you found

9    that you could no longer afford to hire counsel, the Court

10   would provide you a lawyer free of charge.   Do you understand

11   that?

12              DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

13              THE COURT:  Are you asking the Court to appoint a

14   lawyer for you?

15              DEFENDANT MORENO-GOMEZ:  No, Your Honor.

16              THE COURT:  No.   Are you completely satisfied with

17   Mr. Kessler's services in this case?

18              DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

19              THE COURT:  Has he done everything you've asked him

20   to do?  Mr. Kessler, has he done everything you've asked him

21   to do?

22              DEFENDANT MORENO-GOMEZ:  Yes.

23              THE COURT:  And has he answered all your questions?

24              DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

25              THE COURT:  The law presumes that you are innocent

1       of both charges until proven guilty, and the government has

2       the burden of proving you guilty beyond a reasonable doubt.

3       This is called the presumption of innocence.  It protects you

4       now and stays with you unless a jury finds you guilty after a

5       trial.  But by pleading guilty you give up the protection of

6       the presumption of innocence.  Do you understand that?

7                   DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

8                   THE COURT:  You have the right to persist in your

9       not guilty plea.  That means to stick with it.  If you do,

10      then you'll have a trial by jury on both charges and the jury

11      will decide whether or not you're guilty.

12                  At your trial you'll have certain rights, including

13      the right to counsel at every stage of the case, the right to

14      confront and cross-examine the witnesses against you with

15      counsel's help.  You'll have the right to present a defense.

16      This includes your right to compel witnesses to come to court

17      to testify.  It also includes the right to present evidence to

18      the Court and to testify in your own defense if you want.

19                  By the same token, if you do not wish to testify,

20      this is your right as well.  This is called the right against

21      self-incrimination.  This means you can't be forced to

22      testify, and neither the Court nor the jury can hold it

23      against you if you exercise this right.  Do you understand the

24      rights you would have at a trial?

25                  DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

1          THE COURT:  If you plead guilty, however, you give

2     up most of these rights.  If you plead guilty, you give up

3     your right to a trial, your right to confront and

4     cross-examine witnesses, your right to present a defense and

5     to compel witnesses to testify, and your right against

6     self-incrimination.  So if you plead guilty, you will not have

7     a trial of any kind and the only further proceeding in the

8     case will be sentencing.  Do you understand that?

9          DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

10          THE COURT:  If you plead guilty, I'm going to have

11    to ask you questions about yourself and about what you did.

12    You should understand that your answers will be admissible

13    against you in a perjury prosecution if they turn out to be

14    false because they're given under oath.

15          Do you now completely understand the nature of the

16    charge against you in Count 1?

17          MR. SALAN:  Two.

18          THE COURT:  I'm sorry, in Count 2, the penalties

19    that you face if you plead guilty, and the rights you give up

20    by pleading guilty?  Do you understand those three things?

21          DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

22          THE COURT:  We should next talk about the process of

23    sentencing in federal court.  Mr. Kessler, have you explained

24    this to your client?

25          MR. KESSLER:  Yes, Your Honor.  I've gone over the

1     levels and how it works and it's up to the Judge.

2              THE COURT:  And Mr. Moreno-Gomez, did you understand

3     what your attorney told you about how sentencing works in

4     federal court?

5              DEFENDANT MORENO-GOMEZ:  Yes, sir.

6              THE COURT:  Do you understand that the first step of

7     sentencing is for the probation officer to do an investigation

8     and submit a written report called a presentence report, and

9     both you and the government will have a chance to look at that

10    and object to anything that you think is wrong or unfair, and

11    after that process then the presentence report is given to the

12    Judge?  Do you understand that?

13             DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

14             THE COURT:  Now, on the basis of that report the

15    Court will calculate a guideline range which will be expressed

16    in terms of months.  Now, the guideline range is a suggested

17    range for your sentence, and in deciding what your sentence

18    will be, Judge Neff will be required to consider the guideline

19    range.  But the guidelines are not binding on the Court.

20    They're only advisory.  That means that the Court will take

21    into consideration all of the facts of the case, including the

22    guideline range, and the Court will have discretion to impose

23    a sentence that falls within the guideline range or goes above

24    it or below it.  Do you understand the idea of the Court's

25    discretion?

1          DEFENDANT MORENO-GOMEZ:  Yes, sir.

2          THE COURT:  So this means that if your attorney has

3    gone through the guideline book with you, as all good lawyers

4    do, and has tried to give you an idea of what the guideline

5    range is, an idea of what your sentence might be, that this is

6    just a prediction and you shouldn't be relying on it in order

7    to make your decision to plead guilty.  Do you understand

8    that?

9          DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

10         THE COURT:  Has anybody promised you what your

11   sentence will be if you plead guilty?

12         DEFENDANT MORENO-GOMEZ:  No.

13         THE COURT:  Other than the promise to dismiss Count

14   1, has anybody promised you anything else to get you to plead

15   guilty?

16         DEFENDANT MORENO-GOMEZ:  No, Your Honor.

17         THE COURT:  Has your attorney promised you

18   anything?

19         DEFENDANT MORENO-GOMEZ:  No.

20         THE COURT:  Have the officers or attorneys of the

21   government promised you anything?

22         DEFENDANT MORENO-GOMEZ:  No, Your Honor.

23         THE COURT:  So do you understand that if your

24   sentence is more severe than you now expect, you'll still be

25   bound by your plea and you won't be allowed to withdraw it

1  just because you don't agree with the sentence?  Do you

2  understand that?

3          DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

4          THE COURT:  Now, after you have been sentenced, even

5  though you're pleading guilty, you will have the right to

6  appeal the sentence to the Court of Appeals if you believe

7  that the sentence is either illegal or unreasonable.  Do you

8  understand your right to appeal?

9          DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

10          THE COURT:  So the point I'm making is this.  If you

11  think your sentence is too high, that's not a reason to

12  withdraw your plea, but you may have the right to go to the

13  Court of Appeals and ask them to review the sentence.  Do you

14  see that distinction?

15          DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

16          THE COURT:  All right.  Is the defendant on

17  probation or parole now to anyone's knowledge?

18          MR. KESSLER:  He is not, Your Honor, no.

19          THE COURT:  All right.  Mr. Moreno-Gomez, it's time

20  for me to ask you how you plead to Count 2, guilty or not

21  guilty?

22          DEFENDANT MORENO-GOMEZ:  Guilty, Your Honor.

23          THE COURT:  I next need to make sure that you're

24  acting of your own free will.  I have to ask you some

25  questions about yourself.  How old are you?

```
 1                    DEFENDANT MORENO-GOMEZ:  Thirty-three -- thirty-two
 2    years old.
 3                    THE COURT:  Where were you born?
 4                    DEFENDANT MORENO-GOMEZ:  Guatemala.
 5                    THE COURT:  How far did you get in school?
 6                    DEFENDANT MORENO-GOMEZ:  High school.
 7                    THE COURT:  You finished high school?
 8                    DEFENDANT MORENO-GOMEZ:  Yes.
 9                    THE COURT:  Where was that?
10                    DEFENDANT MORENO-GOMEZ:  In Guatemala.
11                    THE COURT:  In Guatemala, in Guatemala are high
12    schools run in Spanish?
13                    DEFENDANT MORENO-GOMEZ:  Yes.
14                    THE COURT:  Is Spanish your first language?
15                    DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.
16                    THE COURT:  And you're able to read and write
17    Spanish?
18                    DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.
19                    THE COURT:  Any schooling after high school?
20                    DEFENDANT MORENO-GOMEZ:  I took two years of a
21    bachelor (unintelligible).
22                    THE COURT:  Where was that?
23                    DEFENDANT MORENO-GOMEZ:  It was in Guatemala also.
24                    THE COURT:  So two years of college?
25                    DEFENDANT MORENO-GOMEZ:  Yes.
```

```
 1                    THE COURT:  Did you receive a certificate or
 2     degree?
 3                    DEFENDANT MORENO-GOMEZ:  No, I didn't.
 4                    THE COURT:  When did you first come to this
 5     country?
 6                    DEFENDANT MORENO-GOMEZ:  In 1997.
 7                    THE COURT:  Have you been here ever since?
 8                    DEFENDANT MORENO-GOMEZ:  I went back to Guatemala in
 9     2001 and I came back two months later.
10                    THE COURT:  How long did you stay in Guatemala in
11     2001?
12                    DEFENDANT MORENO-GOMEZ:  It was almost two months.
13                    THE COURT:  Two months?
14                    DEFENDANT MORENO-GOMEZ:  Yes.
15                    THE COURT:  So other than that two-month period,
16     you've been living here in this country?
17                    DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.
18                    THE COURT:  What kind of work have you done in your
19     life?
20                    DEFENDANT MORENO-GOMEZ:  I work --
21                    MR. KESSLER:  Can you give some examples of what
22     kind of jobs or companies?
23                    DEFENDANT MORENO-GOMEZ:  Yeah.  I work at making
24     windows and shutters.
25                    THE COURT:  That's here in this country?
```

1           DEFENDANT MORENO-GOMEZ:  Yes.

2           THE COURT:  Is that the last job you had?

3           DEFENDANT MORENO-GOMEZ:  The last job I had was I

4    work in sanitation.

5           THE COURT:  For who?

6           DEFENDANT MORENO-GOMEZ:  For Peterson's Farm.

7           THE COURT:  Peterson Farm?

8           DEFENDANT MORENO-GOMEZ:  Yes.

9           THE COURT:  Are you working now?

10          DEFENDANT MORENO-GOMEZ:  No, I don't.

11          THE COURT:  Do you have any health problems?

12          DEFENDANT MORENO-GOMEZ:  No.

13          THE COURT:  Are you under a doctor's care for any

14   reason?

15          DEFENDANT MORENO-GOMEZ:  No.

16          THE COURT:  Do you take any medicines?

17          DEFENDANT MORENO-GOMEZ:  No, Your Honor.

18          THE COURT:  Have you ever been treated for mental or

19   psychiatric problems?

20          DEFENDANT MORENO-GOMEZ:  No, Your Honor.

21          THE COURT:  Do you have a drug or alcohol problem?

22          DEFENDANT MORENO-GOMEZ:  No, Your Honor.

23          THE COURT:  Have you had any drugs in the last two

24   days?

25          DEFENDANT MORENO-GOMEZ:  No, Your Honor.

1          THE COURT:  Have you had any alcohol in the last

2    day?

3          DEFENDANT MORENO-GOMEZ:  No.

4          THE COURT:  Is the defendant on bond?

5          MR. SALAN:  Yes, he is, Your Honor.

6          THE COURT:  Where are you living now, what city?

7          DEFENDANT MORENO-GOMEZ:  I live in Hart.

8          THE COURT:  In Hart?

9          DEFENDANT MORENO-GOMEZ:  Yes.

10         THE COURT:  Is anybody forcing you to plead guilty?

11         DEFENDANT MORENO-GOMEZ:  Um --

12         THE COURT:  I spoke too fast.  Is anyone forcing you

13   to plead guilty?

14         DEFENDANT MORENO-GOMEZ:  No, Your Honor.

15         THE COURT:  Is your guilty plea the result of any

16   threats or intimidation?

17         DEFENDANT MORENO-GOMEZ:  No, Your Honor.

18         THE COURT:  Are you pleading guilty because you

19   truly believe you're guilty of this charge?

20         DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

21         THE COURT:  Are you pleading guilty of your own free

22   will?

23         DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

24         THE COURT:  Now, please tell me in your own words

25   what happened, what you did that makes you think you're guilty

1   of this charge.

2            DEFENDANT MORENO-GOMEZ:  Well, I plead guilty

3   because I know by using a fake Social Security number, it's --

4   by the law it's not right.

5            THE COURT:  Okay.  You used a fake Social Security

6   number?

7            DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

8            THE COURT:  When did you do that?

9            DEFENDANT MORENO-GOMEZ:  It was last year, last

10  year.

11           THE COURT:  It says October 2009.

12           DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

13           THE COURT:  And was this on an employment

14  application?  How did you use the fake Social Security

15  number?

16           DEFENDANT MORENO-GOMEZ:  Well, I went to apply for a

17  job at Peterson's.

18           THE COURT:  You applied for a job at Peterson

19  Farms?

20           DEFENDANT MORENO-GOMEZ:  At Peterson Farms, and --

21           THE COURT:  And were you filling out papers?

22           DEFENDANT MORENO-GOMEZ:  I fill out application

23  and --

24           THE COURT:  Were you filling them out yourself or

25  did you have help?

```
 1                    DEFENDANT MORENO-GOMEZ:  No, I fill it out myself.
 2                    THE COURT:  And did one of the questions ask you for
 3   a Social Security number?
 4                    DEFENDANT MORENO-GOMEZ:  Did they ask me?
 5                    THE COURT:  Yes, on the form, on the application
 6   form.
 7                    DEFENDANT MORENO-GOMEZ:  Yes, yes.
 8                    THE COURT:  And did you write down a false Social
 9   Security number?
10                    DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.
11                    THE COURT:  And where did you get that number?
12                    DEFENDANT MORENO-GOMEZ:  It was on the street.
13                    THE COURT:  On the street?
14                    DEFENDANT MORENO-GOMEZ:  Yes.
15                    THE COURT:  In Chicago?
16                    DEFENDANT MORENO-GOMEZ:  Grand Rapids.
17                    THE COURT:  Grand Rapids.  The answer is usually
18   Chicago.  Did you --
19                    MR. KESSLER:  Did you see the Press the other day,
20   Your Honor, on Monday?  Grand Rapids is catching them.
21                    THE COURT:  Did you pay for it?  Did you pay
22   somebody for it?
23                    DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.
24                    THE COURT:  Do you have a Social Security number of
25   your own?
```

1        DEFENDANT MORENO-GOMEZ:  No, Your Honor.

2        THE COURT:  And when you wrote down this false

3   Social Security number, did you know that it was not yours?

4        DEFENDANT MORENO-GOMEZ:  I did know.

5        THE COURT:  You did know.  And did you have the

6   intent that Peterson Farms would think this is your correct

7   Social Security number and so would give you a job?

8        DEFENDANT MORENO-GOMEZ:  Yeah, because they don't

9   ask this, you know.  They just ask for your papers and you

10  just give it to them.

11       THE COURT:  So you were trying to mislead them into

12  thinking that you were eligible to work in this country?

13       DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

14       THE COURT:  This wasn't a mistake of any kind?

15       DEFENDANT MORENO-GOMEZ:  No, Your Honor.

16       THE COURT:  So how did this -- how was this found

17  out?

18       DEFENDANT MORENO-GOMEZ:  They did an auditing of the

19  company and they check all the Social Security numbers in that

20  company and they find out that there was some people there

21  that were illegal.

22       THE COURT:  Do you have a green card?

23       DEFENDANT MORENO-GOMEZ:  I don't, no.

24       THE COURT:  You don't.

25       Government have anything to add to the factual

1    basis?

2              MR. SALAN:  Only that the form, Your Honor, was the

3    standard Form I-9, and that Peterson Farms actually is located

4    in Shelby, which is an Oceana County address.  And as it turns

5    out the number is unassigned, fortunately.

6              THE COURT:  Mr. Moreno-Gomez, after hearing

7    everything that's taken place in court today, do you still

8    wish to plead guilty?

9              DEFENDANT MORENO-GOMEZ:  Yes, Your Honor.

10             THE COURT:  Mr. Kessler, are you aware of any legal

11   reason the plea should not be accepted?

12             MR. KESSLER:  None, Your Honor.

13             THE COURT:  Thank you.  I find the defendant is

14   capable and competent to enter an informed plea, that the plea

15   is made knowingly and with full understanding of the rights

16   I've explained; that it's made voluntarily and free from any

17   force, threats or promises except for the promise to seek

18   dismissal of Count 1 at the time of sentencing.  I find the

19   defendant understands the nature of the charge and the

20   penalties provided by law for Count 2 and that that count has

21   a sufficient basis in fact.  I'll therefore recommend to Judge

22   Neff that she accept the plea.  Both have a seat, please.

23             MR. KESSLER:  Thank you, Your Honor.

24             THE COURT:  I see the Probation Office is present

25   here today, Mr. Kessler, so you can get the process started

1    for the presentence.   Anything more we need to do for today,

2    Mr. Salan?

3             MR. SALAN:  No, Your Honor.

4             THE COURT:  No objection to continuation of bond?

5             MR. SALAN:  No, there's been no problem on that.

6             THE COURT:  Okay.  Mr. Moreno-Gomez, your bond is

7    continued on the same conditions that were first set.  Make

8    sure you stay in touch with Mr. Kessler and with the Pretrial

9    Services officer.  Mr. Kessler will let you know the next time

10   you're to be in court.

11            All right.  If nothing further, then court's

12   adjourned.  Thank you.

13            MR. KESSLER:  Thank you, Your Honor.

14               (Proceedings concluded at 9:37 a.m.)

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE OF REPORTER


        I, Kevin W. Gaugier, Official Court Reporter for the
United States District Court for the Western District of
Michigan, appointed pursuant to the provisions of Title 28,
United States Code, Section 753, do hereby certify that the
foregoing is a true and correct transcript of the proceedings
had in the within-entitled and numbered cause on the date
hereinbefore set forth.

        I do further certify that the foregoing transcript
was prepared by me.




/s/  Kevin W. Gaugier

Kevin W. Gaugier, CSR-3065
U.S. District Court Reporter
110 Michigan N.W.
622 Federal Building
Grand Rapids, MI 49503